FRANK BUBLITZ V. ANDREW C. MAXWELL, CIRCUIT JUDGE OF BAY COUNTY.

BILL OF EXCEPTIONS—ENFORCEMENT OF SETTLEMENT OF BY MANDAMUS.

Relator applied for *mandamus* to compel the respondent to settle a bill of exceptions. An order to show cause was made, and on the hearing on petition and answer, the application was granted.

*J. C. Kinnane*, for relator.

*C. L. Collins*, for respondent.

The facts, as shown by the answer of the respondent, were as follows:

*a*—That relator replevied from a pound master several head of cattle which had been impounded for trespassing upon the public highway; that all of the proceedings in the replevin suit were regular, except that the bond given to the sheriff had but one surety, while the statute required two; that the bond was accepted by the sheriff, and the cattle were delivered to the plaintiff; that the defendant under his plea of the general issue gave notice that he would show in his justification that at the time the cattle were taken up they were running at large contrary to law; that the case was on the calendar at two of the subsequent terms of court, and was continued by consent, that the third term it was brought on for trial, and after one witness had been sworn for the plaintiff the circuit judge discharged the jury from the further consideration of the case, and by his direction an order of discontinuance was entered for the reason, as set forth in the order, that it appeared that only one surety had signed the replevin bond; that the action was replevin for distrained beasts impounded for running at large in the highway, and that How. Stat. § 8374, under which the action was brought, required two sureties to the bond.

*b*—That relator presented a bill of exceptions for settlement, accompanied by assignments of error under Circuit Court Rule No. 85, as amended, to the effect that the court erred in discharging the jury, and rendering judgment; also in holding that the fact that there was but one surety to the bond worked a dis-continuance of the case under the statute, and in refusing to permit a trial of the case upon the merits; that the circuit judge made the following endorsement on the bill of exceptions, which he refused to sign, namely, that there was nothing in the bill to show any of the testimony given on the trial; that an inspection of the reporter's records showed that testimony was given showing that the cattle had been impounded for a trespass; that the only question decided was that the statute, on grounds of public policy, required two sureties to the bond, and that the court must see that it was complied with; that the point decided was fully shown by the record, and could be reviewed by writ of error or *certiorari*, and that no bill of exceptions was necessary.